**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CAL E. BROWN,

       Petitioner,                 Civil No. 2:06-10625
                                       HONORABLE NANCY G. EDMUNDS
v.                              UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

       Respondent,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Cal E. Brown, ("petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(e).  Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I.  Background

      Petitioner pleaded *nolo contendere* to the above offense in the Genesee County Circuit Court.  On April 11, 1991, petitioner was sentenced to fifteen to thirty years in prison.

      The Michigan Court of Appeals affirmed petitioner's conviction. *People v.*

*Brown,* No. 148947 (Mich.Ct.App. March 10, 1993). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on January 10, 1994 for being untimely filed. [1] The instant petition for writ of habeas corpus was filed on December 29, 2005. [2]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year

---

[1]  *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated August 9, 2006 (This Court's Docket Entry # 14).

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on December 29, 2005, the date that it was signed and dated. *See Neal v. Bock,* 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2

statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Court of Appeals affirmed petitioner's conviction on direct review on March 10, 1993.  Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999).  Because petitioner did not file a timely application for leave to appeal his conviction to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on May 5, 1993, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee,* 232 F.

3

Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). [3]  However, because petitioner's conviction became final well before the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.*  Because petitioner did not file his petition for writ of habeas corpus with this Court until over eight years later on December 29, 2005, the instant petition is subject to dismissal under the AEDPA's one year statute of limitations.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

---

[3]  Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  In this case, however, Petitioner would not be entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969).

In the present case, petitioner has failed to offer any reasons for the untimely filing of his petition for writ of habeas corpus. Petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-67 (E.D. Mich. 2002).

Finally, petitioner has failed to present any new, reliable evidence of actual innocence that would toll the limitations period in this case. *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is further inapplicable, in light of the fact that petitioner pleaded *nolo contendere* to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1) and will summarily dismiss it.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge

5

shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year

6

limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 16, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 16, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

7